IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Sharon Carroll Tserkis, Individually, and as Personal Representative of the Estate of Jeffrey Gene Evans, et al | * * |
| Plaintiffs | * CIVIL ACTION NO.: 1:19-CV-00202-ELH |
| v. | * |
| BALTIMORE COUNTY, MARYLAND, et al. | * |
| Defendants | * |

. . . . . . . . . . . . . . . . . . . .

## DEFENDANT BALTIMORE COUNTY'S ANSWER PRESENTING DEFENSES

Defendant, Baltimore County, Maryland, by undersigned counsel, hereby answers the Complaint filed herein by stating as follows:

### I. PRELIMINARY DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted against these Defendants.

### II

Defendants answer the separate numbered paragraphs in the Complaint as follows:

1. Admit the allegations in paragraph 1.

2. Admit the allegations in paragraph 2.

3. Admit the allegations in paragraph 3, however, the Defendants have removed the case to federal court, as is their right.

4. Admit the allegations in paragraphs 4.

1

5. Admit the allegations in paragraph 5, but deny she has standing to sue.

6. Admit the allegations in paragraph 6, but deny she has standing to sue for herself or the grandchild.

7. Admit the allegations in paragraph 7, but deny she has standing to sue.

8. Admit the allegations in paragraph 8, but deny she has standing to sue.

9. Admit.

10. Admit Pfadenhauer is a Baltimore County police officer. Deny the remainder of the allegations in paragraph 10.

11. Admit the allegations in the first sentence. Deny the remainder of the allegations in paragraph 11.

12. Admit Canup is a Baltimore County police officer. Deny the remainder of the allegations in paragraph 12.

13. Admit the allegations in the first sentence. Deny the remainder of the allegations in paragraph 13.

14. Admit Spahn is a Baltimore County police officer. Deny the remainder of the allegations in paragraph 14.

15. Admit the allegations in the first sentence. Deny the remainder of the allegations in paragraph 15.

16. Admit Heavner is a Baltimore County police officer. Deny the remainder of the allegations in paragraph 16.

17. Admit the allegations in the first sentence. Deny the remainder of the allegations in paragraph 17.

18. Admit Moore was a Baltimore County police officer. Deny the remainder of the

allegations in paragraph 18.

19. Deny.

20. Admit the first sentence. Deny the rest of the allegations in paragraph 20.

21. Admit.

22. Admit the allegations in paragraph 22 except the allegation that he had a lawful right to refuse medical treatment, or that he did so clearly and competently. The officers and paramedics had the lawful right to take him into custody under an involuntary emergency commitment.

23. Admit the quoted language is an excerpt from a written statement from Moore. Deny the remainder of the allegations as phrased.

24. Admit the quoted language is an excerpt from a written statement from Canup. Deny the remainder of the allegations as phrased.

25. Deny the allegations as phrased.

26. Admit that Spahn and others at the scene told Evans they needed to transport him to the hospital and that Evans refused in a profane and combative manner. Deny the rest of the allegations.

27. Deny the allegations in paragraphs 27 through 125.

28. Deny that plaintiffs are entitled to any of the relief sought in Counts I through II.

29. Deny that plaintiffs are entitled to any of the relief sought in paragraphs 126 through 129.

## **AFFIRMATIVE DEFENSES**

1. This suit is barred by the doctrine of governmental immunity.

2. This suit is barred by the doctrine of qualified immunity.

3. This suit is barred by the doctrine of contributory negligence.

4. This suit is barred by the doctrine of assumption of the risk.

5. This suit is barred by the doctrine of unclean hands.

6. This suit is barred by the doctrine of avoidable consequences.

7. At all times mentioned in the Complaint, the Defendant acted in good faith.

8. At all times mentioned in the Complaint, the Defendant acted with legal justification.

9. At all times mentioned in the Complaint, the Defendant acted without malice.

10. An award of punitive damages against this Defendant would violate the United States Constitution and the Maryland Declaration of Rights.

11. The damages sought exceed that allowable by law.

12. Plaintiff's claims are barred by the doctrines of res judicata, collateral, estoppel, and/or issue preclusion.

Respectfully submitted,

/s/
PAUL M. MAYHEW
Trial Bar No. 22210
Assistant County Attorney
Old Courthouse, 2nd Floor
400 Washington Avenue
Towson, Maryland 21204
(410) 887-4420
pmayhew@baltimorecountymd.gov