FILED: March 25, 2022

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1928
(1:19-cv-00202-ELH)

SHARON CARROLL TSERKIS, Individually, and as Personal Representative of the Estate of Jeffrey Gene Evans; AMANDA COOPER-SPAULDING, as Mother, Guardian, and Next Friend of minor child K.E.; JACQUELINE WILLIAMS, Next of Kin of Decedent, Jeffrey Gene Evans; VALERIE JERNIGAN, Next of Kin of Decedent, Jeffrey Gene Evan,

    Plaintiffs - Appellees,

 v.

OFFICER FIRST CLASS MICHAEL SPAHN; OFFICER FIRST CLASS ADAM HEAVNER; OFFICER CHAD CANUP; OFFICER MICHAELA MOORE; OFFICER MICHAEL PFADENHAUER,

    Defendants - Appellants,

 and

BALTIMORE COUNTY, MARYLAND,

    Defendant.

O R D E R

The Appellees brought this wrongful death action against Baltimore County and several of its police officers, alleging claims under 42 U.S.C. § 1983, and related state law claims. The district court issued a memorandum opinion and order granting in part and

denying in part the Defendants' motion for summary judgment based on qualified immunity. The Defendants noted this appeal. The Appellees have moved to dismiss the appeal as interlocutory.

We may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). A district court's order denying or effectively denying a claim of qualified immunity may be immediately appealable under the collateral order doctrine. *Culosi v. Bullock*, 596 F.3d 195, 201 (4th Cir. 2010); *Jenkins v. Medford*, 119 F.3d 1156, 1159 (4th Cir. 1997) (en banc).

To determine whether a district court's summary judgment order denying or effectively denying a claim of qualified immunity is immediately appealable, we carefully review that order and "separate the district court's legal conclusions regarding entitlement to qualified immunity, over which we have jurisdiction, from its determinations regarding factual disputes, over which we do not." *Iko v. Shreve*, 535 F.3d 225, 234 (4th Cir. 2008). Our "task is complicated by the fact that nearly every decision of a district court denying… qualified immunity will encompass both a factual and a legal determination—that the facts are sufficiently controverted to warrant a trial and that the legal right purportedly violated was clearly established." *Id.* at 234-35 (internal quotation marks omitted)(emphasis omitted). If, upon examining the district court's summary judgment ruling, we determine that "summary judgment was denied as to a particular claim solely because there is a genuine issue of material fact, that claim is not immediately appealable and we lack jurisdiction to consider it." *Id.* at 235. "If instead summary judgment was denied as to a

2

particular claim because the [defendant was] found, on the facts viewed most favorably to [the] [p]laintiff[], to have violated [the plaintiff's] clearly established constitutional rights, that claim is properly before us." *Id.*

In these proceedings, the district court concluded that genuine issues of material fact exist as to preclude entry of summary judgment. We therefore lack jurisdiction to consider the district court's summary judgment ruling. *See Johnson v. Jones*, 515 U.S. 304, 319-20 (1995) ("[W]e hold that a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."); *Culosi,* 596 F.3d at 198 ("[W]e conclude that the order of the district court denying qualified immunity to [the defendant] is not immediately appealable because the district court merely determined that genuine disputes of material fact existed—a determination not subject to interlocutory appeal.").

Accordingly, we grant the Appellees' motion to dismiss this appeal.

Entered at the direction of the panel: Chief Judge Gregory, Judge Quattlebaum, and Judge Rushing.

For the Court

/s/ Patricia S. Connor, Clerk